## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSE J. PELFREY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-17- 389-M ) |
| PFIZER, INC., | ) ADA/OADA Claims ) ARISING IN OKLAHOMA COUNTY |
| Defendant. | ) JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff and alleges that:

## PARTIES

1. The Plaintiff is Jesse J. Pelfrey, an adult resident of Oklahoma County, Oklahoma.

2. The Defendant is Pfizer, Inc., a corporation doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. This is a cause of action for discrimination and retaliation based on disability as prohibited by the Americans With Disabilities Act and the corresponding state laws. Jurisdiction over the federal claims is vested pursuant to 42 U.S.C. §§ 2000e-5(f)(1) and 12117(a) and 28 U.S.C. § 1331. Jurisdiction over the state law claims is vested under 28 U.S.C. § 1367.

4. All of the actions complained of occurred in Oklahoma County, Oklahoma, and the Defendant may be served in that county, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Defendant at all times had more than fifteen (15) employees and is an entity covered by the Americans With Disabilities Act as amended (ADAAA).

1

6. The Plaintiff is a qualified individual with a disability who had been employed as a sales specialist with Defendant since approximately April 24, 2000.

7. Plaintiff was disabled under all three prongs of the ADAAA in that he was regarded as impaired, was actually substantially limited and had a history of disability arising from conditions of major depression and anxiety which substantially affected, among other things, his ability to think, focus, and recall. Plaintiff was also disabled due to a back injury which substantially affects his ability to stand, walk and lift and a concussion that affected his memory. Plaintiff also has a history of skin cancer which required a slight accommodation.

8. On approximately January 1, 2015, Edward Hernden became Plaintiff's supervisor.

9. As of approximately February 2015 Mr. Hernden was aware of Plaintiff's disability and expressed hostility to at least one instance when Plaintiff's conditions requested an accommodation.

10. Around November 2015, Plaintiff suffered a major back injury and a concussion. The concussion caused some memory loss. The injury required Plaintiff to be off work until approximately the end of March 2016.

11. In connection with such injury, Defendant received a medical statement showing all of Plaintiff's disabilities and medications.

12. Plaintiff returned to work approximately March 30, 2016 and received a raise on April 1, 2016.

13. On or about April 12, 2016, the Plaintiff received an evaluation which, while having areas for improvement, was generally satisfactory and did not include any disciplinary actions, probationary periods or performance improvement plans.

14. On or about April 29, 2016, Plaintiff participated in a telephonic interview regarding

time entries on visits to potential clients prior to his injury. At the time in question, sales representatives were not required to make contemporaneous entries. Since such entries were not the basis for pay or performance, the dates entries were made based on general recollections and were not, to Plaintiff's understanding, required to be exact. At the conclusion of the interview, Plaintiff was not advised that there were any significant issues and was not suspended or otherwise disciplined.

15. On May 13, 2016, Plaintiff was terminated for having incorrect date entries.

16. Such reason is pretextual in that there was no policy which Plaintiff violated and no one else to Plaintiff's knowledge who had been disciplined for such reason.

17. The real reason for termination was Plaintiff's disabilities, the extent of which were disclosed during Plaintiff's treatment and absence due to injury.

18. Plaintiff's job continued to exist after Plaintiff was terminated and was filled by persons who either had no known disabilities or who did not have disabilities like those of Plaintiff.

19. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about Oct. 2, 2016, asserting discrimination based on disability. The EEOC issued a right to sue letter on or about Feb. 1, 2017, and this action is filed within 90 days of the receipt of that document. By such actions Plaintiff exhausted all state and federal administrative requirements for his wrongful termination.

## **COUNT I**

Plaintiff incorporates all prior allegations and further alleges that:

20. Discrimination based on disability is contrary to the ADAAA.

21. As the direct result of Defendant's action, Plaintiff has suffered and continues to suffer lost earnings, including lost benefits, and such losses are expected to accrued

into the future.

22. Plaintiff has suffered embarrassment, humiliation, anxiety and other like unpleasant emotions and dignitary harms for which he is entitled to compensation.

23. Because the actions of Defendant were willful, wanton or in reckless disregard of the Plaintiff's rights, and were conducted by Defendant's managers and with knowledge of Plaintiff's disabilities, Plaintiff is entitled to is entitled to an award of punitive damages.

## COUNT II

Plaintiff incorporates all prior allegations and further alleges that:

24. Discrimination and retaliation based on disability is contrary to the Oklahoma Anti-Discrimination Act.

25. As the direct result of Defendant's action, Plaintiff has suffered and continues to suffer lost earnings, including lost benefits, and such losses are expected to accrued into the future.

26. Under the OADA, Plaintiff is entitled to recover all of such lost earnings and employment benefits with an additional, equal amount as liquidated damages.

## PRAYER

**WHEREFORE,** Plaintiff prays that he be awarded his actual and punitive and/or liquidated damages herein together with costs, pre- and post judgment interest and attorney's fees and any other relief as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 5th DAY OF APRIL, 2017**.

HAMMONS, GOWENS, HURST
& ASSOCIATES

s/ Leah M. Roper
Mark Hammons, OBA #3784
Amber L. Hurst, OBA # 21231
Leah M. Roper, OBA # 32107
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Leah@hammonslaw.com
Jury Trial Demanded
Attorney Lien Claimed
*Counsel for Plaintiff*
